William Douglas White #224592
McCarthy & White, PLLC
8205 Pettit Court
McLean, VA 22102
703-770-9265
wdw@mccarthywhite.com
Trustee

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-397-ELG |
| | ) | (Chapter 7) |
| ETS of Washington LLC | ) | |
| | ) | |
| DEBTOR. | ) | |
| _____ | ) | |
| | | |
| Estate of ETS of Washington LLC, | ) | |
| William Douglas White, Trustee | ) | |
| | ) | A.P. No. 21-10005-ELG |
| | ) | |
| Plaintiff / Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WCP Fund I LLC, 1Sharpe Opportunity | ) | |
| Intermediate Trust, and DP Capital LLC | ) | |
| | ) | |
| Defendants / Counterclaimants | ) | |

MOTION TO DISMISS AMENDED COUNTERCLAIM

Plaintiff and Counter Defendant Estate of ETS of Washington LLC by and through its Trustee, William Douglas White ("Plaintiff", "Estate" or "Counter Defendant"), files this Motion to Dismiss the Amended Counterclaim filed by WCP Fund I LLC, 1Sharpe Opportunity Intermediate Trust, and DP Capital LLC ("WCP et. al." or "Counterclaimants"), and in support of the Motion states as follows:

1. The Amended Counterclaim fares no better than the earlier Counterclaim and still should be dismissed. Even in the Counterclaim's amended form, the Counterclaimants are seeking to claim relief for issues that are in the nature of affirmative defenses to the relief sought by the plaintiff and lack the basic elements justifying use of a declaratory mechanism that was never intended to create a substantive right for litigants but was designed for persons with a particular need that is not or cannot be otherwise met through the existing posture and pleadings of a case.

2. Indeed the Counterclaimants also filed an Answer in this case at Doc 53 making apparent some of the very arguments why the Amended Counterclaim should be dismissed. Count I of the Amended Counterclaim seeks declaratory relief with respect to absence of its liability under the District of Columbia's Mortgage Relief Law. Yet, those very allegations are set forth in **Paragraphs 82 through 85** as affirmative defenses in the Answer and Affirmative Defenses to the Complaint. Count II of the Amended Counterclaim seeks declaratory relief with respect an "integration clause" in the contractual language. But again, that claim has already been set forth as a specific affirmative defense at **Paragraph 81** of the Answer and Affirmative Defenses to the Complaint. Also, Count III of the Amended Counterclaim seeks declaratory relief with respect the economic loss rule. Yet again, however, that claim has already pled as a specific affirmative defense at **Paragraph 80** of the Answer and Affirmative Defenses to the Complaint. These requests are duplicative of the Affirmative Defenses already asserted and should be dismissed. Count IV of the Amended Counterclaim seeks a declaration that the Plaintiff is indebted to WCP et; al. for their legal fees because there is an indemnification clause in the contract and that WCP et. al. have fully performed under

the contract. But they have not shown that they have fully performed under the contract or that the Debtor was in violation of the loan or note. At minimum, WCP et. al. must first prevail on merits of their defenses to the Complaint. If WCP et. al. fails to prevail, there would be no liability to pay legal fees in any event. Moreover, if the Court rescinds the loans, there would be no indemnification provision under which WCP et. al. could seek the payment of legal fees. WCP et. al. have not stated a proper basis for recovery of legal fees, and Count IV should be dismissed.

3. Case law supports the proposition that Counterclaimants are seeking to make improper use of statute pertaining declaratory relief. There is a common theme that runs through much of the case law with respect to those seeking declaratory relief. The courts considering this issue have tended to allow the use of declaratory relief to persons requesting it because they have some particular or immediate need for relief that is not being met by the form of the existing litigation and could stand to be harmed if not allowed to plead it. In other words a person "must be seeking more than a retrospective opinion that he was wrongly harmed" by the opposing party. Jordan v. Sosa, 654 F.3d 1012, 1025 (10th Cir. 2011). For instance, the case of Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S. Ct. 510 (1941) cited by Counter Plaintiffs in their earlier papers involved protecting the interest of an insurer who was not a party in certain litigation between the injured person and the insured party. There, the continuation of the litigation without the insurer being able to assert its interest in the outcome posed a real risk of sufficient immediacy to the insurer to justify asserting a claim for declaratory relief. That is simply not the facts in this case with WCP et. al. where the issues involve

the same parties and the same court and where the issues have already been raised by WCP et. al. in defense.

4. To the extent WCP et. al. seek relief to impose liability to recover monetary amounts or impose a setoff against the bankruptcy estate, such an attempt would be prohibited by the automatic stay. 11 U.S.C. 362(a).

5. Wherefore, for the reasons above and such additional reasons as presented at the hearing on this matter, the Trustee for Estate of ETS of Washington LLC requests that the Defendants' Amended Counterclaim be dismissed.

    Respectfully submitted,

/s/ William Douglas White
William Douglas White #224592
McCarthy & White, PLLC
8205 Pettit Court
McLean, VA 22102
Telephone:    703-770-9265
wdw@mccarthywhite.com

Trustee for Plaintiff/Counter Defendant, Estate of ETS of Washington LLC

CERTIFICATE OF SERVICE

      I hereby certify that on January 24, 2021 a copy of the foregoing and the proposed Order, were filed and sent through the court's ECF system to all registered ECF participants who have appeared in this case.

      /s/ William Douglas White

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 20-397-ELG |
| | ) | (Chapter 7) |
| ETS of Washington LLC | ) | |
| | ) | |
| DEBTOR. | ) | |
| _____ | ) | |
| | | |
| Estate of ETS of Washington LLC, | ) | |
| William Douglas White, Trustee | ) | |
| | ) | A.P.  No. 21-10005-ELG |
| | ) | |
| Plaintiff / Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WCP Fund I LLC, 1Sharpe Opportunity | ) | |
| Intermediate Trust, and DP Capital LLC | ) | |
| | ) | |
| Defendants / Counterclaimants | ) | |

ORDER DISMISSING AMENDED COUNTERCLAIM

This matter having come before the Court pursuant to the Trustee's Motion to Dismiss the

Amended Counterclaim and good cause having been shown, it is

ORDERED that the Defendants' Amended Counterclaim be and hereby is dismissed.

I ASK FOR THIS:

/s/ William Douglas White
William Douglas White #224592
McCarthy & White, PLLC
8205 Pettit Court
McLean, VA 22102
Telephone:    703-770-9265
wdw@mccarthywhite.com

Trustee for Plaintiff Counter Defendant Estate of ETS of Washington LLC