Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone: (301) 444-4600
Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Counterclaimants*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 20-397-ELG |
| | ) | |
| ETS of Washington LLC | ) | (Chapter 7) |
| | ) | |
|     Debtor. | ) | |
| | ) | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| | ) | |
| William White, in his official capacity | ) | |
| as chapter 7 trustee of the chapter 7 | ) | |
| estate of ETS of Washington LLC | ) | Adversary Case No. 21-10005-ELG |
| | ) | |
|     Plaintiff / Counter-Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WCP Fund I LLC, 1Sharpe Opportunity | ) | |
| Intermediate Trust, and DP Capital LLC | ) | |
| | ) | |
|     Defendants / Counterclaimants | ) | |

## **OPPOSITION TO MOTION TO DISMISS AMENDED COUNTERCLAIM**

Come now DP Capital LLC ("DPCL") and WCP Fund I LLC ("WCP") (collectively, the "Counterclaimants"), by and through undersigned counsel, pursuant to Local Rule 9013-1(b)(4), and in opposition to the Motion to Dismiss Amended Counterclaim (the "Motion," as found at DE #61), filed by William Douglas White in his capacity as trustee of the Estate of ETS of Washington LLC (the "Trustee," with the underlying debtor being known as the "Debtor"), in response to the

1

amended counterclaim (the "Counterclaim," as found at DE #53) of DPCL and WCP, state as follows:

## I.   Introduction

The Motion is premised upon two core arguments: (i) the Counterclaimants cannot seek declaratory relief to the extent such overlaps with affirmative defenses interposed in the same litigation; and (ii) the automatic stay prohibits the Counterclaimants from seeking monetary relief against the Debtor's estate. These assertions are both wholly unsupported by governing law. Notably, the second line of reasoning – concerning a putative violation of the automatic stay – is belied by what one court has termed "overwhelming authority," and is a theory that has been warned to "cause absurd results." *In re Cowin*, 538 B.R. 721, 733 (S.D. Tex. 2015).

The Trustee no doubt knows this. The Counterclaimants have already filed a brief addressing their right to seek a declaratory judgment, earlier in these proceedings. DE #44. The Trustee does little to maneuver around the well-settled case law set forth in that prior filing. And, as a trustee, he is no doubt well aware that adversary claims are exempted from the automatic stay, with the Trustee having personally defended at least one such action in the past. *In re Timothy Dean Rest. & Bar*, 342 B.R. 1, 5 (Bankr. D.D.C. 2006) (noting William White to be the trustee/defendant in an action seeking "a determination of the extent, priority, and validity" of a lien – something that would be well within the ambit of the automatic stay if sought in state court).

Moreover, the Motion is tardy, coming fully one week after the Trustee's responsive filing was due. Yet, for reasons that are at-best unclear, he nonetheless brings the Motion, without regard to its untimely nature, without attention to the case law it ignores, and seemingly without concern for the "absurd results" it propagates.

For these reasons, and as extrapolated upon *infra*, the Motion should be denied.

## II. Background: The Counterclaim

The Counterclaim sets fourth four causes of action: three for declaratory judgment and one for breach of contract. Counterclaim, DE #53, at pp. 13-17. Contrary to what is asserted in the Motion, the claims for declaratory judgment are not merely restatements of affirmative defenses; the Counterclaimants not only note the legal frailty of claims being maintained by the Trustee but, too, observe (i) the Debtor has not suffered any harm correlative to the COVID-19 pandemic (*Id.* at ¶ 133); and (ii) the Counterclaimants did not have knowledge of any of the putative property defects complained of by the Trustee (*Id.* at ¶¶ 136-137).

In the claim for breach of contract, the Counterclaimants also seek payment of their legal fees, pursuant to multiple deeds of trust. *Id.* at ¶¶ 145-150. The fees sought are not merely those incurred in defense of this action but, too, those accumulated in the underlying bankruptcy action. *Id.*

## III. Argument: Bringing a Counterclaim to an Adversary Proceeding is Not a Violation of the Automatic Stay

Without citing to any case law, quoting any statutory text, or otherwise extrapolating, the Trustee makes the sweeping assertion that "To the extent WCP et. al. seek relief to impose liability to recover monetary amounts or impose a setoff against the bankruptcy estate, such an attempt would be prohibited by the automatic stay. 11 U.S.C. 362(a)." Motion, DE #61, at ¶ 4. This is a naked misstatement of well-settled law and one that, if true, would fundamentally alter the manner in which myriad adversary proceedings are carried out.

As noted by one neighboring court, "Despite the apparent silence of the Code on this point, the majority view is that the Code implicitly permits the filing of suit in the bankruptcy court against a debtor without violating the automatic stay." *In re Transcolor Corp.*, 296 B.R. 343, 358 (Bankr. D. Md. 2003) (citing *In re Arneson*, 282 B.R. 883, 893 (9th Cir. BAP 2002); *Rein v.*

3

*Providian Fin. Corp.*, 252 F.3d 1095, 1101–02 (9th Cir. 2001); *In re Briarwood Hills Associates*, 237 B.R. 479, 480 (Bankr. W.D. Mo. 1999); *In re Bird*, 229 B.R. 90, 94–5 (Bankr. S.D.N.Y. 1999); *In re Sexton*, 166 B.R. 421, 428 (Bankr. N.D. Cal. 1994); *In re Roxford Foods, Inc.*, 12 F.3d 875, 878 (9th Cir. 1993); *In re North Coast Village, Ltd.*, 135 B.R. 641, 643 (9th Cir. BAP 1992); *United States v. Inslaw, Inc.*, 932 F.2d 1467, 1474 (D.C. Cir. 1991); *In re Opti–Gage, Inc.*, 130 B.R. 257, 258–59 (Bankr. S.D. Ohio 1991); *In re J.T. Moran Fin. Corp.*, 124 B.R. 931, 940 (S.D.N.Y. 1991); *In re Atreus Enters., Ltd.*, 120 B.R. 341, 346 (Bankr. S.D.N.Y. 1990); *In re Washington Mfg. Co.*, 118 B.R. 555, 561 (Bankr. M.D. Tenn. 1990); *In re American Sports Innovations*, 105 B.R. 614, 617 (Bankr. W.D. Wash. 1989); *In re Teerlink Ranch, Ltd.*, 886 F.2d 1233, 1237 (9th Cir. 1989); *In re American Spinning Mills, Inc.*, 43 B.R. 365, 367 (Bankr. E.D. Pa. 1984)).

The United States Bankruptcy Court for the District of Delaware has held similarly: "Although the language of section 362(a) suggests that the automatic stay operates against all proceedings, the majority of courts hold that 'the Code implicitly permits the filing of suit in the bankruptcy court against a debtor without violating the automatic stay.'" *In re Uni-Marts, LLC*, 404 B.R. 767, 783 (Bankr. D. Del. 2009) (quoting *In re Transcolor Corp.*, 296 B.R. at 358; citing *In re Roxford Foods, Inc.*, 12 F.3d at 878; *In re N. Coast Vill., Ltd.*, 135 B.R. at 644; *In re J.T. Moran Fin. Corp.*, 124 B.R. at 940; *In re Adelphia Commc'ns Corp.*, 325 B.R. 89, 97 (Bankr. S.D.N.Y. 2005)).

The United States Bankruptcy Court for the Middle District of Florida has arrived at the same conclusion. *See, e.g.*, *In re Lickman*, 297 B.R. 162, 187 (Bankr. M.D. Fla. 2003) ("Generally, the automatic stay, therefore, does not protect the debtor or property of the debtor's estate from actions taken in the bankruptcy case itself. The plaintiff, therefore, can establish no violation of

4

the automatic stay as to actions taken by the defendants in this bankruptcy case and its adversary proceedings."). And so, too, has the United States Bankruptcy Court for the Southern District of Texas. *In re Cowin*, 538 B.R. at 733 ("Overwhelming authority supports the conclusion that the home bankruptcy court is uniquely situated and that applying the automatic stay to actions filed in the home bankruptcy court would ignore these unique features, undermine the stay's intended purposes, and cause absurd results").

As noted *supra*, the Trustee – who has served in such a capacity in this district for some time – is not a stranger to adversary proceedings in which efforts to collect from a debtor's estate are advanced by a creditor. Yet he now asserts that even where a trustee an adversary proceeding without honoring the Debtor's contractual indemnification obligations, and even where suit for breach of that contract would be a compulsory counterclaim under the governing rules, such somehow amounts to a violation of the automatic stay.

The frailty of this argument speaks volumes to the frailty of the Motion as a whole.

### IV.    Argument: The Three Declaratory Judgment Counts are Properly Brought

When the original counterclaim in this matter was filed, the Trustee protested declaratory relief to be premature and only properly asserted alongside an answer. Motion, DE #43, at p. 2, ¶ 1 ("the impropriety of the declaratory relief sough [sic] is premature and should and wait to a point when, and if, Defendants are required to answer the allegations of the Complaint"). Now that an answer has been docketed, the Trustee is suddenly of the changed opinion that declaratory relief is inappropriate at *any* juncture. Such is simply not a viable assertion under well-settled law.

The core of the Trustee's argument is that the declaratory judgment counts of the Counterclaim overlap significantly with the underlying claims of the Trustee and, as such, merit dismissal. Yet "the mere fact that a declaratory relief claim may be duplicative of an affirmative

defense is not enough, in and of itself, to warrant the dismissal or striking of a pleading. To be sure, mere redundancy is not grounds for dismissal under Rule 12(b)(6) for failure to state a claim." *Regions Bank v. Commonwealth Land Title Ins. Co.*, 2012 WL 5410609, at *4 (S.D. Fla. Nov. 6, 2012) (citing *Kenneth F. Hackett & Assocs. ., Inc. v. GE Cap. Info. Tech. Solutions, Inc.*, 744 F.Supp.2d 1305, 1310 (S.D. Fla. 2010)).

Indeed, not only is it appropriate for a counterclaim to concern the same factual nexus as an underlying complaint, but the Federal Rules of Civil Procedure literally require such:

> A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1).

This is critical because if the three declaratory judgment counts are not asserted in the Counterclaim, they would be arguably waived under the compulsory counterclaim rule. These counts are carefully constructed to seek adjudication of discreet factual and legal disputes between and amongst the parties; they raise issues never expressly addressed by the myopic phraseology of the underlying complaint, with each such issue being of immense import to the adjudication of the parties' respective rights.

To be sure, the standard for justiciability of an action for declaratory relief is not whether such might be stated as an affirmative defense. Rather, and much more simply, longstanding federal precedent considers such matters justiciable provided only a three prong test be satisfied:

> To aid courts in this endeavor, the Supreme Court has set out a somewhat more workable test: "[t]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."

6

*Nat'l R.R. Passenger Corp. v. Consol. Rail Corp.*, 670 F. Supp. 424, 428 (D.D.C. 1987) (quoting *Maryland Casualty Co.*, 312 U.S. at 273). *See also*, *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989) (holding similarly).

Addressing the first criterion, there is most certainly a substantial controversy in this case. The Debtor's estate – now helmed by the Trustee – maintains the Counterclaimants are in its debt on account of myriad alleged theories of economic recovery. Counterclaim, DE #40, at ¶ 19. The Counterclaimants, in turn, maintain each such theory to be both legally and factually non-viable in nature. *Id.* at ¶ 20.[1]

Similarly, the second prong is addressed with ease: the Trustee and the Counterclaimants have "adverse legal interests." The Trustee serves herein "for the benefit of creditors." *In re Eddie Haggar Ltd., Inc.*, 190 B.R. 281, 284 (Bankr. N.D. Tex. 1995). And this Honorable Court has already determined the interests of the Counterclaimants are adverse to those of other creditors of the Debtor's estate. *See, e.g., In re ETS of Washington, LLC*, 2021 WL 4343622, at *5 (Bankr. D.D.C. 2021) ("…the Moving Creditors hold an interest materially adverse to other creditors…").

Thus the sole question is if the dispute is "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Nat'l R.R. Passenger Corp.*, 670 F. Supp. at 428. Given that the prospect of the claims upon which declaratory relief is sought has already deprived the Counterclaimants of their otherwise-extant right to call for and vote in an election in this case,

---

[1] As noted *supra*, a core component of the Counterclaim concerns factual allegations – not merely legal theories. The Trustee's Motion does not appear to address this reality, instead just dismissively insisting "Even in the Counterclaim's amended form, the Counterclaimants are seeking to claim relief for issues that are in the nature of affirmative defenses to the relief sought by the plaintiff…" Motion, DE #61, at ¶ 1.

7

there can be no real question as to immediacy and reality.[2] These are not hypothetical claims conjured by the Counterclaimants; these are real, extant claims.

The Trustee previously argued a declaratory judgment cannot be sought by someone confronting the Damoclean sword of impending litigation but, rather, a party must wait to be first sued and, then, must further wait until such a time as an answer comes due. The Trustee has now pivoted and argues a declaratory judgment cannot be sought even in connection with an answer, because a plaintiff has the sole right to dictate the grounds of litigation. The logical vacuum created by these two positions is confounding; it seems the Trustee believes one may *never* seek declaratory relief in connection with any claimed liability but, rather, must be at the perennial mercy of an adverse party to elect when to bring suit, to elect the terms upon which suit is brought, and to elect the causes of action to be adjudicated therein.

This is not a sensible argument and this is not an argument supported by law.

### V.    Argument: The Motion is Untimely

The Federal Rules of Civil Procedure allow 14 days for a party to respond to an amended pleading (Fed. R. Civ. P. 15); the Trustee elected to take 21 days. For this plain reason, the Motion is untimely in nature and ought to be denied as such.

To the extent the Trustee endeavors to justify his tardiness by virtue of this Honorable Court having entered an order on January 10, 2022, the same has already been addressed in a separate filing of the Counterclaimants. *See* Reply to Response to Request for Entry of Clerk's Default as to First Amended Counterclaim, DE #60. The Counterclaimants incorporate the same

---

[2] To be sure, there is an incongruity to the Trustee having secured his appointment in this case by virtue of the Counterclaimants being under a cloud of alleged adversity, yet now protesting the Counterclaimants have no right to seek relief aimed at succinctly removing that cloud of alleged adversity.

by reference and refrain from restating the relevant rules herein, in the interests of brevity and the avoidance of redundancy.

VI. **Conclusion**

WHEREFORE, the Counterclaimants respectfully pray this Honorable Court (i) deny the Motion; and (ii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Dated: January 25, 2022

By: /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. MD18071
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, Nevada 89012
Phone/Facsimile: (301) 444-4600
mac@mbvesq.com
*Counsel for the Counterclaimants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of January, 2022, a copy of the foregoing was served electronically upon filing via the ECF system on all counsel who have entered an appearance herein.

/s/ Maurice B. VerStandig
Maurice B. VerStandig